MARK CARTON
ATTORNEY AT LAW SBN 135717
2130 Fillmore Street, #162
San Francisco, CA, 94115
Telephone: (415) 567-5517
Facsimile: (650) 794-2099

Attorney for Defendants
BAY MEDICAL COMPANY, INC. et al

**FILED**

SEP 12 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**EDL**

**C 03    4192**

**ARB**

| | |
|---|---|
| EXAMGLO USA, a MICHIGAN CORPORATION | ) ) ) |
| PLAINTIFF, | ) ) |
| V. | ) ) |
| BAY MEDICAL COMPANY, INC. WILLY CHANG; DAVID CHANG ONE SOURCE INC. | ) ) ) ) |
| DEFENDANTS | ) ) ) |

SAN MATEO COUNTY SUPERIOR COURT
CASE NO. CIV 433163

NOTICE OF REMOVAL

Defendant  BAY  MEDICAL  COMPANY,  INC.,  a  California
Corporation, hereby removes this case from the San Mateo Superior
Court to the United States District Court, Northern District of
California-San  Francisco  Division.  Defendants  WILLY  CHANG,  an
individual, DAVID CHANG, an individual consent to removal of
this case from the San Mateo Superior Court to the United States

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

1

1   District Court, Northern District of California-San Francisco

2   Branch.

3      ONE SOURCE INC, a named defendant sued by plaintiff EXAMGLO

4   USA in the San Mateo County Superior Court action does not now

5   exist nor has it ever existed in any form.

6      Removal is made pursuant to 28 USC §1446 and is proper

7   under 28 USC §1332 which provides:

8       "(a) The district courts shall have original jurisdiction
    of all civil actions where the matter in controversy

9       exceeds the sum or value of $75,000, exclusive of interest
    and costs, and is between -

10      (1) citizens of different States;"

11  All existing defendants herein are California citizens,

12  whereas plaintiff is a corporation formed in the State of

13  Michigan, with its alleged principal place of business in

14  Houston, Texas (see Exhibits A & B of plaintiff's complaint

15  attached hereto as **EXHIBIT A**). The amount in controversy alleged

16  by plaintiff exceeds $385,000.

17     All defendants became aware of the existence of the case on

18  or after August 15, 2003. Each defendant denies that the summons

19  and complaint in the state court action was properly served on

20  each or any defendant.

21     The above captioned case is related factually to the case

22  of CHANG et al v. EXAMGLO USA, KOSSAN etc which will be filled

23  on or by September 19, 2003. Plaintiff CHANG at that time will

24  move to consolidate both cases after defendants herein file

25  their respective motions to quash service.

1  THOMAS G. GEHRING (Bar No. 089560)
   GEHRING & CURB, INC.
2  A PROFESSIONAL CORPORATION
   12100 Wilshire Boulevard, Suite 1900
3  Los Angeles, California 90025-7120
   Telephone: (310) 442-4848
4  Facsimile: (310) 442-4747

5  Attorneys for Plaintiff EXAMGLO USA, INC.,
   a Michigan corporation

6

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 3 0 2003

Clerk of the Superior Court
By _____ I. ILANG _____
        DEPUTY CLERK

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      FOR THE COUNTY OF SAN MATEO

9                                              **CIV** 4 3 3 1 6 3

10  EXAMGLO USA, a Michigan            )    CASE NO.
    corporation,                       )
11                                     )    AMOUNT OF COMPLAINT EXCEEDS
              Plaintiff,               )    $50,000.00
12                                     )
         vs.                           )    **COMPLAINT FOR:**
13                                     )
    BAY MEDICAL COMPANY,               )    1.  **OPEN BOOK ACCOUNT**
14  INC.,a California corporation, BAY )    2.  **OPEN BOOK ACCOUNT**
    MEDICAL COMPANY, INC. dba          )    3.  **ACCOUNT STATED**
15  ONE SOURCE INC., WILLIE            )    4.  **ACCOUNT STATED**
    CHANG, an individual, ONE          )    5.  **QUANTUM MERUIT**
16  SOURCE INC., an unknown entity,    )    6.  **QUANTUM MERUIT**
    and DAVID CHANG, an individual,    )    7.  **GOODS AND SERVICES**
17  and DOES 1 through 200, inclusive, )    8.  **GOODS AND SERVICES**
                                       )    9.  **CONVERSION**
18            Defendants.              )    10. **ACCOUNTING**
    _____   )    11. **IMPOSITION OF CONSTRUCTIVE**
19                                              **TRUST**

20

21       Plaintiff EXAMGLO USA, INC., a Michigan corporation, alleges as follows:

22             **FACTS COMMON TO ALL CAUSES OF ACTION**

23       1.    Plaintiff, EXAMGLO USA, INC., a Michigan corporation ,( hereinafter

24  "EXAMGLO" or "Plaintiff"),is a corporation duly organized and existing under and by

25  virtue of the laws of the State of Michigan, and is doing business in California and in the

26  County of San Mateo, State of California.

27       2.    Plaintiff is informed and believes and, on the basis of such information and

28  belief, alleges that at all times herein mentioned, Defendant BAY MEDICAL

                                    1

1  COMPANY, INC., ( hereinafter,"Bay Medical" or "Defendant") is, and at all times

2  herein mentioned, was, a California corporation doing business in the County of San

3  Mateo, State of California.

4      3.     Plaintiff is informed and believes and, on the basis of such information and

5  belief, alleges that at all times herein mentioned, Defendant BAY MEDICAL was, and is,

6  doing business as ONE SOURCE INC.

7      4.     Plaintiff is informed and believes and, on the basis of such information and

8  belief, alleges that at all times herein mentioned, Defendant WILLIE CHANG

9  (hereinafter, "WILLIE CHANG" or "Defendant"), is an individual, residing in or about

10  the County of San Mateo, State of California.

11     5.     ONE SOURCE INC. is an entity unknown to Plaintiff. Plaintiff will seek

12  leave of court to amend this complaint upon learning the true nature of ONE SOURCE

13  INC.

14     6.     Plaintiff is informed of believes and, on the basis of such information and

15  belief, alleges that at all times herein mentioned, Defendant DAVID CHANG

16  (hereinafter, "DAVID CHANG" or "Defendant") is an individual, residing in or about the

17  County of San Mateo, State of California.

18     7.     The true names and capacities of DOES 1 through 50, inclusive, whether

19  individual, corporate, associate or otherwise, are unknown to Plaintiff at this time, who

20  therefore sues said Defendants by such fictitious names, and when the true names and

21  capacities of such Defendants are ascertained, Plaintiff will ask leave of Court to amend

22  this complaint to insert the same.

23     8.     Plaintiff is informed and believes and, on the basis of such information and

24  belief, alleges that each Defendant DOES 1 through 50, inclusive, named in this

25  complaint was, at all times herein mentioned, and now is, the agent, employee, alter ego,

26  affiliated corporation or entity of each of the other Defendants herein, and was at all times

27  acting within the course and scope of said agency, employment, alter ego, affiliated

28  corporation or entity.

2

EXHIBIT___A

PAGE___2___OF___21

9.      Plaintiff is informed and believes and, on the basis of such information and belief, alleges that each Defendants DOES 51 through 200, inclusive, named in this complaint did, and at all times retained, the goods, services and products shipped to them by Plaintiff and did not pay for them.

10.     Plaintiff is informed and believes and, on the basis of such information and belief, alleges that at all times herein mentioned, Defendant WILLIE CHANG owned, managed, and controlled Defendant BAY MEDICAL with sufficient authority such that the acts and decisions alleged herein constitute the acts and decisions of Defendant WILLIE CHANG for all purposes herein alleged.

11.     Plaintiff is informed and believes and, on the basis of such information and belief, alleges that at all times herein mentioned, Defendant WILLIE CHANG has dominated, controlled, and manipulated Defendant Bay Medical for wrongful purposes. Such domination was accomplished primarily by Defendant WILLIE CHANG.  Plaintiff is informed and believes that the stock of Bay Medical was held by Defendant WILLIE CHANG and/or members of his immediate family.  Such shareholders exercised virtually complete management and control over the affairs of Bay Medical.  Plaintiff is informed and believes and thereon alleges that the affairs of the corporate Defendants have been managed in such a manner that there existed, and does exist, such a unity of interest and ownership that the individuality or separateness of such Defendant have ceased to exist. For these reasons, the distinct corporate entity of the Defendant Bay Medical should be disregarded for purposes of this action.

12.     Plaintiff is informed and believes and, on the basis of such information and belief, alleges that at all times herein mentioned, Defendant DAVID CHANG and WILLIE CHANG, owned, managed, and controlled Defendant ONE SOURCE INC. with sufficient authority such that the acts and decisions alleged herein constitute the acts and decisions of both Defendants DAVID CHANG and WILLIE CHANG for all purposes herein alleged.

13.     Plaintiff informed and believes and, on the basis of such information and

3

EXHIBIT  A
PAGE  3  OF  21

1  belief, alleges that at all times herein mentioned, Defendants DAVID CHANG and

2  WILLIE CHANG have dominated, controlled, and manipulated Defendant ONE

3  SOURCE INC. for wrongful purposes.  Such domination was accomplished primarily by

4  Defendant DAVID CHANG and WILLIE CHANG. Plaintiff is informed and believes

5  and, on the basis of such information and belief, alleges that at all times herein

6  mentioned, that the stock of ONE SOURCE INC, or other ownership interests, was held

7  by the Defendants DAVID CHANG and/or WILLIE CHANG and/or members of their

8  immediate family. Such shareholders and/ or owners, including the individual Defendants

9  DAVID CHANG and WILLIE CHANG, exercised virtually complete management and

10  control over the affairs of ONE SOURCE INC. Plaintiff is informed and believes and, on

11  the basis of such information and belief, alleges that at all times herein mentioned, that

12  the affairs of the individual Defendants, and the affairs of ONE SOURCE INC. have been

13  managed in such a manner that there existed, and does exist, such a unity of interest that

14  the individuality or separateness of the individual Defendants and ONE SOURCE INC.

15  have ceased to exist. For these reasons, the distinct corporate entity, or unknown business

16  entity of ONE SOURCE INC should be disregarded for purposes of this action.

17  **FIRST CAUSE OF ACTION**

18  ( **An Open Book Account Against BAY MEDICAL, WILLIE CHANG, and DOES 1**

19  **through 50)**

20        14.    Plaintiff repeats, realleges and incorporates herein by reference each and

21  every allegation contained in paragraphs 1 through13, inclusive, as those set forth in full

22  herein.

23        15.    This action is not subject to *Civil Code* §1812.10 and/or §2984.4.

24        16.    Within the four years last past, and prior to the commencement of this

25  action, Defendants BAY MEDICAL and WILLIE CHANG became indebted to Plaintiff

26  on an open book account for a balance due in the approximate sum of Three Hundred and

27  Fourteen Thousand Nine Hundred and Thirty One dollars and 53 Cents ($314,931.53).

28  Plaintiff will seek leave of Court if discovery indicates additional amounts are owed.  A

4

EXHIBIT _____ A

PAGE _4_ OF _21_

1   true and correct copy of the four page Statement dated April 17, 2002, is attached hereto

2   as **Exhibit "A"** and incorporated herein by reference.

3       17.    Although demands for said sum have been made, no payment has been

4   made, and there is now due, owing and unpaid from said Defendants to Plaintiff an

5   amount of not less than, Three hundred and Fourteen Thousand Nine hundred and Thirty

6   One dollars and 53 cents ($314,931.53),  plus additional amounts according to proof,

7   together with interest thereon at the maximum rate allowed by law, plus statutory

8   attorneys fees and costs.

9       18.    Plaintiff seeks to recover attorneys fees and costs incurred against

10   Defendants pursuant to California Civil Code Section 1717.5. Plaintiff has retained the

11   law firm of GEHRING & CURB to protect Plaintiff's rights herein. Plaintiff has been

12   compelled to commence litigation as a result of defendants breaches, and the open book

13   account, as a result of which Plaintiff has incurred and will continue to incur as yet an

14   unascertained amount of costs and attorneys fees. The Plaintiff will amend this complaint

15   and/or will prove at trial the full amount of the costs and fees due and owing to Plaintiff.

16   <u>SECOND CAUSE OF ACTION</u>

17   **( An Open Book Account Against BAY MEDICAL, BAY MEDICAL dba ONE**

18   **SOURCE INC., ONE SOURCE INC., an unknown entity, WILLIE CHANG,**

19   **DAVID CHANG and DOES 1 through 50)**

20       19.    Plaintiff repeats, realleges and incorporates herein by reference each and

21   every allegation contained in paragraphs 1 through13, inclusive, as those set forth in full

22   herein.

23       20.    This action is not subject to *Civil Code* §1812.10 and/or §2984.4.

24       21.    Within the four years last past, and prior to the commencement of this

25   action, Defendants BAY MEDICAL, BAY MEDICAL dba ONE SOURCE INC., ONE

26   SOURCE INC., an unknown entity, DAVID CHANG, and WILLIE CHANG became

27   indebted to Plaintiff on an open book account for a balance due in the approximate sum

28   of Sixty Five Thousand Seven Hundred and Ninety Six dollars and 32 Cents

5

1  ($65,796.32).  Plaintiff will seek leave of Court if discovery indicates additional amounts

2  are owed.  A true and correct copy of the one page Statement dated April 17, 2002, is

3  attached hereto as **Exhibit "B"** and incorporated herein by reference.

4       22.     Although demands for said sum have been made, no payment has been

5  made, and there is now due, owing and unpaid from said Defendants to Plaintiff an

6  amount of not less than, Sixty Five Thousand Seven Hundred and Ninety Six dollars and

7  32 Cents ($65,796.32),  plus additional amounts according to proof, together with interest

8  thereon at the maximum rate allowed by law, plus statutory attorneys fees and costs.

9       23.     Plaintiff seeks to recover attorneys fees and costs incurred against

10  Defendants pursuant to California Civil Code Section 1717.5. Plaintiff has retained the

11  law firm of GEHRING & CURB to protect Plaintiff's rights herein. Plaintiff has been

12  compelled to commence litigation as a result of defendants breaches, and the open book

13  account, as a result of which Plaintiff has incurred and will continue to incur as yet an

14  unascertained amount of costs and attorneys fees. The Plaintiff will amend this complaint

15  and/or will prove at trial the full amount of the costs and fees due and owing to Plaintiff.

16

17                    **THIRD CAUSE OF ACTION**

18      **(For Account Stated Against BAY MEDICAL, WILLIE CHANG, and DOES 1**

19                          **through 50)**

20       24.     Plaintiff repeats, realleges and incorporates herein by reference each and

21  every allegation contained in paragraphs 1 through13, inclusive, as those set forth in full

22  herein.

23       25.     Within the last four years, an account was stated in writing by and between

24  Plaintiff and said Defendants. The account is dated April 17, 2002, and is attached hereto

25  as **Exhibit "A"** and incorporated herein by reference. As set forth on the account stated,

26  **Exhibit "A"**, a total balance of Three Hundred and Fourteen Thousand Nine Hundred

27  and Thirty One dollars and 53 cents ($314,931.53) was found due to Plaintiff from said

28  Defendants.

G:\TGG\Examglo U.S.A\Pleadings\Examglo Complaint.wpd COMPLAINT FOR OPEN BOOK ACCOUNT, ACCOUNT STATED

EXHIBIT _____
PAGE _6_ OF _21_

26. Although demand therefore has been made, there is now due, owing and unpaid from said Defendants to Plaintiff an amount not less than, Three Hundred and Fourteen Thousand Nine Hundred and Thirty One dollars and 53 cents ($314,931.53), plus additional amounts according to proof, together with interest thereon at the maximum rate allowed by law, plus statutory attorneys fees and costs.

27. Plaintiff seeks to recover attorneys fees and costs incurred against Defendants pursuant to California Civil Code Section 1717.5. Plaintiff has retained the law firm of GEHRING & CURB to protect Plaintiff's rights herein. Plaintiff has been compelled to commence litigation as a result of defendants breaches, and the open book account, as a result of which Plaintiff has incurred and will continue to incur as yet an unascertained amount of costs and attorneys fees. The Plaintiff will amend this complaint and/or will prove at trial the full amount of the costs and fees due and owing to Plaintiff.

## FOURTH CAUSE OF ACTION

**(For Account Stated Against BAY MEDICAL, BAY MEDICAL dba ONE SOURCE INC., ONE SOURCE INC., an unknown entity, WILLIE CHANG, DAVID CHANG, and DOES 1 through 50)**

28. Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13, inclusive, as those set forth in full herein.

29. Within the last four years, an account was stated in writing by and between Plaintiff and said Defendants. The account is dated April 17, 2002, and is attached hereto as **Exhibit "B"** and incorporated herein by reference. As set forth on the account stated, **Exhibit "B"**, a total balance of Sixty Five Thousand Seven Hundred and Ninety Six dollars and 32 Cents ($65,796.32) was found due to Plaintiff from said Defendants.

30. Although demand therefore has been made, there is now due, owing and unpaid from said Defendants to Plaintiff an amount not less than, Sixty Five Thousand Seven Hundred and Ninety Six dollars and 32 Cents ($65,796.32), plus additional

7

EXHIBIT A
PAGE 1 OF 21

1  amounts according to proof, together with interest thereon at the maximum rate allowed

2  by law, plus statutory attorneys fees and costs.

3      31.    Plaintiff seeks to recover attorneys fees and costs incurred against

4  Defendants pursuant to California Civil Code Section 1717.5. Plaintiff has retained the

5  law firm of GEHRING & CURB to protect Plaintiff's rights herein. Plaintiff has been

6  compelled to commence litigation as a result of defendants breaches, and the open book

7  account, as a result of which Plaintiff has incurred and will continue to incur as yet an

8  unascertained amount of costs and attorneys fees. The Plaintiff will amend this complaint

9  and/or will prove at trial the full amount of the costs and fees due and owing to Plaintiff.

10

11                 **FIFTH CAUSE OF ACTION**

12     **(For Quantum Meruit Against BAY MEDICAL, WILLIE CHANG, and DOES 1**

13                        **through 200)**

14      32.    Plaintiff repeats, realleges and incorporates herein by reference each and

15  every allegation contained in paragraphs 1 through13, inclusive, as those set forth in full

16  herein.

17      33.    Since on or about August 1, 2000, and continuing thereafter on a regular

18  basis up through and including approximately August 23, 2001, at South San Francisco,

19  California, Plaintiff provided to said Defendants the products and services, at Defendants'

20  request, the reasonable value of which Defendants then and there agreed to pay to

21  Plaintiff.

22      34.    At the time the products and services were provided, the reasonable value

23  of the products and services was Three Hundred and Fourteen Thousand Nine Hundred

24  and Thirty One dollars and 53 cents ($314,931.53).

25      35.    Although demand therefore has been made, there is now due, owing and

26  unpaid from said Defendants to Plaintiff an amount not less than, Three Hundred and

27  Fourteen Thousand Nine Hundred and Thirty One dollars and 53 cents ($314,931.53),

28  plus additional amounts according to proof, together with interest thereon at the

8

EXHIBIT A

PAGE 8 OF 21

1   maximum rate allowed by law, plus statutory attorneys fees and costs.

2       36.    Plaintiff seeks to recover attorneys fees and costs incurred against

3   Defendants pursuant to California Civil Code Section 1717.5. Plaintiff has retained the

4   law firm of GEHRING & CURB to protect Plaintiff's rights herein. Plaintiff has been

5   compelled to commence litigation as a result of defendants breaches, and the open book

6   account, as a result of which Plaintiff has incurred and will continue to incur as yet an

7   unascertained amount of costs and attorneys fees. The Plaintiff will amend this complaint

8   and/or will prove at trial the full amount of the costs and fees due and owing to Plaintiff.

9   **SIXTH CAUSE OF ACTION**

10  **(For Quantum Meruit Against BAY MEDICAL, BAY MEDICAL dba ONE**

11  **SOURCE INC., ONE SOURCE INC., an unknown entity, WILLIE CHANG,**

12  **DAVID CHANG and DOES 1 through 200)**

13

14      37.    Plaintiff repeats, realleges and incorporates herein by reference each and

15  every allegation contained in paragraphs 1 through13, inclusive, as those set forth in full

16  herein.

17      38.    Since on or about August 3, 2000, and continuing thereafter on a regular

18  basis up through and including approximately July 20, 2001, at South San Francisco,

19  California, Plaintiff provided to said Defendants the products and services, at Defendants'

20  request, the reasonable value of which Defendants then and there agreed to pay to

21  Plaintiff.

22      39.    At the time the products and services were provided, the reasonable value

23  of the products and services was Sixty Five Thousand Seven Hundred and Ninety Six

24  dollars and 32 Cents ($65,796.32).

25      40.    Although demand therefore has been made, there is now due, owing and

26  unpaid from said Defendants to Plaintiff an amount not less than, Sixty Five Thousand

27  Seven Hundred and Ninety Six dollars and 32 Cents ($65,796.32),  plus additional

28  amounts according to proof, together with interest thereon at the maximum rate allowed

9

EXHIBIT A
PAGE 2 OF 21

1 | by law, plus statutory attorneys fees and costs.

2 |     41.    Plaintiff seeks to recover attorneys fees and costs incurred against

3 | Defendants pursuant to California Civil Code Section 1717.5. Plaintiff has retained the

4 | law firm of GEHRING & CURB to protect Plaintiff's rights herein. Plaintiff has been

5 | compelled to commence litigation as a result of defendants breaches, and the open book

6 | account, as a result of which Plaintiff has incurred and will continue to incur as yet an

7 | unascertained amount of costs and attorneys fees. The Plaintiff will amend this complaint

8 | and/or will prove at trial the full amount of the costs and fees due and owing to Plaintiff.

9 |

10 | **SEVENTH CAUSE OF ACTION**

11 | **(Goods and Services Rendered Against BAY MEDICAL, WILLIE CHANG, and**

12 | **DOES 1 through 200)**

13 |     42.    Plaintiff repeats, realleges and incorporates herein by reference each and

14 | every allegation contained in paragraphs 1 through13, inclusive, as those set forth in full

15 | herein.

16 |     43.    Since on or about August 1, 2000, and continuing thereafter on a regular

17 | basis up through and including November 30, 2001, at South San Francisco, California,

18 | said Defendants became indebted for goods and services sold and delivered by Plaintiff to

19 | Defendants, at Defendants' special instance and request.

20 |     44.    At the time of the sale and delivery of the goods and services, Defendants

21 | then and there agreed to pay for the Goods and Services.

22 |     45.    Although demand therefore has been made, there is now due, owing and

23 | unpaid from said Defendants to Plaintiff  an amount not less than, Three Hundred and

24 | Fourteen Thousand Nine Hundred and Thirty One dollars and 53 cents ($314,931.53),

25 | plus additional amounts according to proof, together with interest thereon at the

26 | maximum rate allowed by law, plus statutory attorneys fees and costs.

27 |     46.    Plaintiff seeks to recover attorneys fees and costs incurred against

28 | Defendants pursuant to California Civil Code Section 1717.5. Plaintiff has retained the

10

EXHIBIT A
PAGE 10 OF 21

1  law firm of GEHRING & CURB to protect Plaintiff's rights herein. Plaintiff has been

2  compelled to commence litigation as a result of defendants breaches, and the open book

3  account, as a result of which Plaintiff has incurred and will continue to incur as yet an

4  unascertained amount of costs and attorneys fees. The Plaintiff will amend this complaint

5  and/or will prove at trial the full amount of the costs and fees due and owing to Plaintiff.

6

7  ## EIGHTH CAUSE OF ACTION

8  **(Goods and Services Rendered Against BAY MEDICAL, BAY MEDICAL dba ONE**

9  **SOURCE INC., ONE SOURCE INC., an unknown entity, WILLIE CHANG,**

10  **DAVID CHANG and DOES 1 through 200)**

11  47.    Plaintiff repeats, realleges and incorporates herein by reference each and

12  every allegation contained in paragraphs 1 through13, inclusive, as those set forth in full

13  herein.

14  48.    Since on or about August 3, 2000, and continuing thereafter on a regular

15  basis up through and including approximately July 20, 2001, at South San Francisco,

16  California, said Defendants became indebted for goods and services sold and delivered by

17  Plaintiff to Defendants, at Defendants' special instance and request.

18  49.    At the time of the sale and delivery of the goods and services, Defendants

19  then and there agreed to pay for the Goods and Services.

20  50.    Although demand therefore has been made, there is now due, owing and

21  unpaid from said Defendants to Plaintiff an amount not less than, Sixty Five Thousand

22  Seven Hundred and Ninety Six dollars and 32 Cents ($65,796.32),  plus additional

23  amounts according to proof, together with interest thereon at the maximum rate allowed

24  by law, plus statutory attorneys fees and costs.

25  51.    Plaintiff seeks to recover attorneys fees and costs incurred against

26  Defendants pursuant to California Civil Code Section 1717.5. Plaintiff has retained the

27  law firm of GEHRING & CURB to protect Plaintiff's rights herein. Plaintiff has been

28  compelled to commence litigation as a result of defendants breaches, and the open book

11

1   account, as a result of which Plaintiff has incurred and will continue to incur as yet an

2   unascertained amount of costs and attorneys fees. The Plaintiff will amend this complaint

3   and/or will prove at trial the full amount of the costs and fees due and owing to Plaintiff.

4

5   **NINTH CAUSE OF ACTION**

6   **(Conversion Against All Defendants including DOES 1 through 200)**

7       52.    Plaintiff repeats, realleges and incorporates herein by reference each and

8   every allegation contained in paragraphs 1 through 51, inclusive, as those set forth in full

9   herein.

10      53.    Beginning in or about August 1,2000, Defendants came into possession of

11  goods from Plaintiff, having promised to pay for the goods. The products were sent

12  directly to the Defendants or to the Defendants' customers at the special instance and

13  request of the Defendants. Defendants never paid for the goods either they received

14  directly from the Plaintiff or for the products Defendants' asked Plaintiff to ship to the

15  Defendants' customers.

16      54.    Said actions on the part of the Defendants were without the approval of the

17  Plaintiff in that, among other things, certainly Plaintiff believed it was going to be paid

18  for the products that it shipped to the Defendants or to the Defendants' customers. There

19  was and is no agreement between the parties such that Defendants were entitled to keep

20  the goods and/or to convert monies intended for Plaintiff to Defendants' use. Indeed,

21  investigation has indicated that Defendants' customers paid Defendants for the goods that

22  it received from the Plaintiff. Despite Defendants being paid by Defendants' customers

23  for the products received from Plaintiff, Defendants have refused, and continue to refuse

24  to pay over those monies to Plaintiff and Defendants have converted said monies to their

25  own use.

26      55.    As approximate result of Defendants' conduct, and each of their conduct,

27  Plaintiff has suffered damages in the approximate amount of Three Hundred and Eighty

28  Thousand Seven Hundred and Twenty Seven dollars and 85 cents ($380,727.85), plus

12

1   additional amounts according to proof, together with interest thereon at the maximum rate

2   allowed by law, plus statutory attorneys fees and costs.

3       56.    The aforementioned acts of Defendants were willful, wanton, malicious and

4   oppressive and were engaged in with conscience disregard of Plaintiff's rights and

5   Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven

6   at the time of trial hereof.

7                        **TENTH CAUSE OF ACTION**

8   **(For Accounting Against BAY MEDICAL, BAY MEDICAL dba ONE SOURCE**

9   **INC., ONE SOURCE INC., an unknown entity, WILLIE CHANG, DAVID CHANG**

10                      **and DOES 1 through 200)**

11      57.    Plaintiff repeats, realleges and incorporates herein by reference each and

12  every allegation contained in paragraphs 1 through 56, inclusive, as those set forth in full

13  herein.

14      58.    The amount of money that Defendants, BAY MEDICAL, BAY MEDICAL

15  dba ONE SOURCE INC., ONE SOURCE INC., an unknown entity, WILLIE CHANG,

16  and DAVID CHANG, received as a result of their sale of goods and services from

17  Plaintiff cannot be ascertained without an accounting of the amount of money received by

18  Defendants from Defendants' customers and withheld by Defendants and not paid over to

19  Plaintiff. As a result of the conversion of its goods, and the failure of Defendants to pay

20  Plaintiff, Plaintiff is entitled to a full accounting of all of the monies received by

21  Defendants for the goods received by Defendants, or Defendants' customers from

22  Plaintiff.

23      59.    Plaintiff intends this Complaint to constitute their demand to Defendants to

24  render an accounting of said monies and to pay all amounts due and owing to Plaintiff.

25      60.    For the foregoing reasons, among others, Plaintiff is entitled to an

26  accounting from Defendants with respect to all monies they have received as a result of

27  the products that they received from Plaintiff or the products their customers received

28  from Plaintiff and sent to Defendants' customers at the special instance and request of

13

1  Defendants. Plaintiff is entitled to an accounting from Defendants with respect to all

2  monies converted by Defendants.

### ELEVENTH CAUSE OF ACTION

**(For Imposition of Constructive Trust Against BAY MEDICAL, BAY MEDICAL**

**dba ONE SOURCE INC., ONE SOURCE INC., an unknown entity, WILLIE**

**CHANG, DAVID CHANG and DOES 1 through 200)**

7       61.    Plaintiff repeats, realleges and incorporates herein by reference each and

8  every allegation contained in paragraphs 1 through 59, inclusive, as those set forth in full

9  herein.

10       62.    Defendants, BAY MEDICAL, BAY MEDICAL dba ONE SOURCE INC.,

11  ONE SOURCE INC., an unknown entity, WILLIE CHANG, and DAVID CHANG have

12  deposited the full amount of the sums withheld based on their scheme and conversion of

13  monies that were due and owing to Plaintiff. Said Defendants are currently holding said

14  sums in Constructive Trust.

15       63.    Plaintiff has only recently discovered the withholding of said sums by

16  Defendants and the conversion of said sums by Defendants and intends this Complaint to

17  be their demand for the return of said monies that Defendants now hold in trust for

18  Plaintiff.

19       64.    Plaintiff does not know the amount of money that has been withheld by

20  Defendants and accordingly as noted above, an accounting is required for said sums to be

21  determined.

22

23      **WHEREFORE,** Plaintiff EXAMGLO USA, INC., a Michigan corporation, prays

24  for judgment against Defendants, and each of them, as follows:

25

26  ON THE FIRST, THIRD, FIFTH, AND SEVENTH CAUSES OF ACTION

27       1.    For compensatory damages in an amount to be proven at the time of trail

28         hereof, but believed to be in excess of Three Hundred and Fourteen

G:\TGG\Examglo U.S.A\Pleadings\Examglo Complaint.wpd  **COMPLAINT FOR OPEN BOOK ACCOUNT, ACCOUNT STATED**

EXHIBIT A

PAGE 14 OF 21

1       Thousand Nine Hundred and Thirty One dollars and 53 cents

2       ($314,931.53);

3    2.    For interest at the legal rate on the aforementioned sum;

4    3.    For statutory attorneys fees and costs.

5 <u>ON THE SECOND, FOURTH, SIXTH AND EIGHTH CAUSES OF ACTION</u>

6    4.    For compensatory damages in an amount to be proven at the time of trial

7       hereof, but believed to be in excess of Sixty Five Thousand Seven Hundred

8       and Ninety Six dollars and 32 Cents ($65,796.32);

9    5.    For interest at the legal rate on the aforementioned sum;

10    6.    For statutory attorneys fees and costs;

11 <u>ON THE NINTH CAUSE OF ACTION</u>

12    7.    For compensatory damages in an amount to be proven at the time of trial

13       hereof, but believed to be in excess of Three Hundred and Eighty Thousand

14       Seven Hundred and Twenty Seven dollars and 85 cents ($380,727.85);

15    8.    For punitive and exemplary damages in an amount to be proven at the time

16       of trial hereof;

17    9.    For interest at the legal rate on the compensatory damages;

18 <u>ON THE TENTH CAUSE OF ACTION</u>

19    10.    For an accounting of all monies received by Defendants for the goods

20       received by Defendants and Defendants' customers from Plaintiff, and also

21       those amounts converted by Defendants;

22    11.    For payment over to Plaintiff of the amount due from Defendants as a result

23       of the accounting;

24    12.    For interest at the legal right on the aforementioned sum;

25 <u>ON THE ELEVENTH CAUSE OF ACTION</u>

26    13.    For an order declaring that Defendants hold said sums described above in

27       Trust for Plaintiff;

28    14.    For an order compelling Defendants to convey to Plaintiff said sums

EXHIBIT A
PAGE 15 OF 21

1         described above with interest thereon at the legal rate;

2      15.    For an accounting of all monies owed to Plaintiff;

3      16.    For damages in an amount of all monies found owing to Plaintiff;

4  ON ALL CAUSES OF ACTION

5      17.    For attorneys fees if provided for by law or contract;

6      18.    For costs of suit incurred herein;

7      19.    For such other and further relief as the court may deem just and proper.

8

9  DATED:  July 25, 2003

                              GEHRING & CURB, INC.

10                                  A PROFESSIONAL CORPORATION

11

12                     By: _____

13                               THOMAS G. GEHRING
                                   Attorneys for Plaintiff
                   EXAMGLO USA, INC., a California Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\TGG\Examglo U.S.A\Pleadings\Examglo Complaint.wpd  COMPLAINT FOR OPEN BOOK ACCOUNT, ACCOUNT STATED

EXHIBIT ___A___

PAGE __16 OF 21__

**EXAMGLO U.S.A. INC**
9630 CLAREWOOD #C6
HOUSTON, TX 77036
Phone: (713) 773 0363
Fax: (713) 773 0373

# Statement

| Date |
|------|
| 4/17/2002 |

To:
Bay Medical Co
1103 Grand View Dr.
South San Francisco
CA 94080

FAX NO.: 650 794 2099

ATTENTION: MR. WILLIE CHANG

| | | Amount Due | Amount Enc. |
|---|---|---|---|
| | | $314,931.53 | |

| Date | Transaction | Amount | Balance |
|------|-------------|--------|---------|
| | **INVOICE** | | |
| 08/01/2000 | INV #0003 | 39,810.00 | 39,810.00 |
| 08/02/2000 | INV #0001 | 52,000.00 | 91,810.00 |
| 08/03/2000 | INV #0002 | 56,900.00 | 148,710.00 |
| 08/03/2000 | INV #0005 | 8,040.00 | 156,750.00 |
| 08/05/2000 | INV #0006 | 1,405.00 | 158,155.00 |
| 08/05/2000 | INV #0008 | 1,800.00 | 159,955.00 |
| 09/05/2000 | INV #0009 | 350.00 | 160,305.00 |
| 09/05/2000 | INV #0010 | 1,525.00 | 161,830.00 |
| 09/05/2000 | INV #0011 | 321.00 | 162,151.00 |
| 09/05/2000 | INV #0014 | 18,450.00 | 180,601.00 |
| 09/05/2000 | INV #0017 | 325.00 | 180,926.00 |
| 09/05/2000 | INV #0020 | 35,430.00 | 216,356.00 |
| 01/08/2001 | INV #1004 | 2,010.00 | 218,366.00 |
| 01/08/2001 | INV #1005 | 1,700.00 | 220,066.00 |
| 01/08/2001 | INV #1006 | 1,700.00 | 221,766.00 |
| 01/15/2001 | INV #1008 | 45,415.00 | 267,181.00 |
| 02/01/2001 | INV #1002 | 280.50 | 267,461.50 |
| 02/01/2001 | INV #1003 | 577.50 | 268,039.00 |
| 02/05/2001 | INV #1018 | 1,525.00 | 269,564.00 |
| 02/05/2001 | INV #1019 | 1,565.00 | 271,129.00 |
| 02/08/2001 | INV #1012 | 6,252.50 | 277,381.50 |
| 02/08/2001 | INV #1017 | 1,699.61 | 279,081.11 |
| 02/13/2001 | INV #1011 | 49,200.00 | 328,281.11 |
| 03/13/2001 | INV #1033 | 79.50 | 328,360.61 |
| 03/13/2001 | INV #1035 | 1,705.00 | 330,065.61 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---------|--------------------|--------------------|--------------------|----------------------|------------|
| | | | 0.00 | 314,931.53 | $314,931.53 |

EXHIBIT     A
PAGE 17 OF 21

**EXAMGLO U.S.A. INC**
9630 CLAREWOOD #C6
HOUSTON, TX 77036
Phone: (713) 773 0363
Fax: (713) 773 0373

# Statement

| Date |
|------|
| 4/17/2002 |

| To: |
|-----|
| Bay Medical Co
1103 Grand View Dr.
South San Francisco
CA 94080 |

FAX NO.: 650 794 2099

ATTENTION: MR. WILLIE CHANG

| | | Amount Due | Amount Enc. |
|---|---|---|---|
| | | $314,931.53 | |

| Date | Transaction | Amount | Balance |
|------|-------------|--------|---------|
| 03/13/2001 | INV #1036 | 1,610.00 | 331,675.61 |
| 03/14/2001 | INV #1041 | 1,702.07 | 333,377.68 |
| 03/21/2001 | INV #1043 | 1,765.00 | 335,142.68 |
| 03/21/2001 | INV #1045 | 930.00 | 336,072.68 |
| 03/26/2001 | INV #1049 | 1,245.00 | 337,317.68 |
| 03/28/2001 | INV #1052 | 34.36 | 337,352.04 |
| 03/30/2001 | INV #1047 | 67,500.00 | 404,852.04 |
| 04/03/2001 | INV #1056 | 71,950.00 | 476,802.04 |
| 04/04/2001 | INV #1057 | 50,225.00 | 527,027.04 |
| 04/12/2001 | INV #1068 | 672.00 | 527,699.04 |
| 04/20/2001 | INV #1076 | 230.61 | 527,929.65 |
| 04/23/2001 | INV #1078 | 2,970.00 | 530,899.65 |
| 04/23/2001 | INV #1079 | 429.00 | 531,328.65 |
| 04/30/2001 | INV #1083 | 100.61 | 531,429.26 |
| 04/30/2001 | INV #1084 | 990.00 | 532,419.26 |
| 05/01/2001 | INV #1086 | 1,700.00 | 534,119.26 |
| 05/01/2001 | INV #1087 | 43.75 | 534,163.01 |
| 05/15/2001 | INV #1094 | 330.00 | 534,493.01 |
| 05/17/2001 | INV #1096 | 1,700.00 | 536,193.01 |
| 05/23/2001 | INV #1103 | 65.89 | 536,258.90 |
| 05/30/2001 | INV #1104 | 1,766.63 | 538,025.53 |
| 05/31/2001 | INV #1105 | 1,774.60 | 539,800.13 |
| 05/31/2001 | INV #1107 | 1,736.50 | 541,536.63 |
| 06/07/2001 | INV #1136 | 15,400.00 | 556,936.63 |
| 06/13/2001 | INV #1118 | 820.00 | 557,756.63 |
| 06/13/2001 | INV #1127 | 48.00 | 557,804.63 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---------|--------------------|--------------------|--------------------|----------------------|------------|
| | | | 0.00 | 314,931.53 | $314,931.53 |

Page 2

EXHIBIT ___A___
PAGE _18_ OF _21_

**EXAMGLO U.S.A. INC**

9630 CLAREWOOD #C6
HOUSTON, TX 77036
Phone: (713) 773 0363
Fax: (713) 773 0373

# Statement

| Date |
|------|
| 4/17/2002 |

To:
Bay Medical Co
1103 Grand View Dr.
South San Francisco
CA 94080

FAX NO.: 650 794 2099

ATTENTION: MR. WILLIE CHANG

| | Amount Due | Amount Enc. |
|---|---|---|
| | $314,931.53 | |

| Date | Transaction | Amount | Balance |
|------|-------------|--------|---------|
| 06/21/2001 | INV #1129 | 1,935.00 | 559,739.63 |
| 06/21/2001 | INV #1130 | 1,920.00 | 561,659.63 |
| 07/03/2001 | INV #1135 | 540.00 | 562,199.63 |
| 07/10/2001 | INV #1156 | 43.64 | 562,243.27 |
| 07/12/2001 | INV #1158 | 1,815.00 | 564,058.27 |
| 07/31/2001 | INV #1165 | 1,155.00 | 565,213.27 |
| 07/31/2001 | INV #1166 | 495.00 | 565,708.27 |
| 08/23/2001 | INV #1204 | 239.82 | 565,948.09 |
| 09/13/2001 | INV #10324 | 2,081.20 | 568,029.29 |
| 09/13/2001 | INV #10325 | 1,188.00 | 569,217.29 |
| 09/24/2001 | INV #10349 | 1,420.00 | 570,637.29 |
| 10/01/2001 | INV #10364 | 990.00 | 571,627.29 |
| 10/01/2001 | INV #10365 | 1,420.00 | 573,047.29 |
| 10/08/2001 | INV #10363 | 1,650.00 | 574,897.29 |
| 10/29/2001 | INV #10417 | 3,212.00 | 577,909.29 |
| 11/30/2001 | INV #10427 | 1,160.00 | 579,069.29 |
| | **LESS: CREDIT MEMO** | | |
| 09/05/2000 | CREDMEM #106 | (18,199.50) | 560,869.79 |
| 01/15/2001 | CREDMEM #10115 | (3,400.00) | 557,469.79 |
| 02/07/2001 | CREDMEM #10322 | (2,000.00) | 555,469.79 |
| 03/01/2001 | CREDMEM #104 | (150.00) | 555,319.79 |
| 03/01/2001 | CREDMEM #10331 | (2,650.00) | 552,669.79 |
| 03/13/2001 | CREDMEM #102 | (23,505.00) | 529,164.79 |
| 03/13/2001 | CREDMEM #10326 | (900.00) | 528,264.79 |
| 03/14/2001 | CREDMEM #103 | (4,305.00) | 523,959.79 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---------|--------------------|---------------------|---------------------|-----------------------|------------|
| | | | 0.00 | 314,931.53 | $314,931.53 |

Page 3

EXHIBIT A
PAGE 19 OF 21

**EXAMGLO U.S.A. INC**
9630 CLAREWOOD #C6
HOUSTON, TX 77036
Phone: (713) 773 0363
Fax: (713) 773 0373

# Statement

| Date |
|------|
| 4/17/2002 |

To:
Bay Medical Co
1103 Grand View Dr.
South San Francisco
CA 94080

FAX NO.: 650 794 2099

ATTENTION: MR. WILLIE CHANG

| | | Amount Due | Amount Enc. |
|---|---|---|---|
| | | $314,931.53 | |
| Date | Transaction | Amount | Balance |
| 03/16/2001 | CREDMEM #1191 | (1,600.00) | 522,359.79 |
| 03/19/2001 | CREDMEM #10318 | (2,200.00) | 520,159.79 |
| 05/01/2001 | CREDMEM #1216 | (990.00) | 519,169.79 |
| 05/31/2001 | CREDMEM #10323 | (3,629.50) | 515,540.29 |
| 07/16/2001 | CREDMEM #1190 | (5,000.00) | 510,540.29 |
| | | | |
| | **LESS: PAYMENT RECEIVED** | | |
| 09/26/2000 | PMT | (52,850.00) | 457,690.29 |
| 10/26/2000 | PMT | (7,000.00) | 450,690.29 |
| 11/06/2000 | PMT | (10,000.00) | 440,690.29 |
| 11/06/2000 | PMT | (9,810.00) | 430,880.29 |
| 11/06/2000 | PMT | (9,445.00) | 421,435.29 |
| 01/05/2001 | PMT #1/5 | (7,115.00) | 414,320.29 |
| 01/05/2001 | PMT | (9,810.00) | 404,510.29 |
| 02/28/2001 | PMT | (23,000.00) | 381,510.29 |
| 02/01/2001 | PMT #912 | (2,471.00) | 379,039.29 |
| 03/30/2001 | PMT | (40,000.00) | 339,039.29 |
| 07/02/2001 | PMT | (4,054.97) | 334,984.32 |
| 08/23/2001 | PMT | (20,052.79) | 314,931.53 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| | | | | 314,931.53 | $314,931.53 |

EXHIBIT A
PAGE 20 OF 21

**EXAMGLO U.S.A. INC**
9630 CLAREWOOD #C6
HOUSTON, TX 77036
Phone: (713) 773 0363
Fax: (713) 773 0373

# Statement

| Date |
| --- |
| 4/17/2002 |

To:
ONE SOURCE INC
1103 GRANDVIEW DRIVE
SOUTH SAN FRANCISCO
CA 94080

FAX NO.: 650 794 2099

ATTENTION: MR. DAVID CHANG

| | | Amount Due | Amount Enc. |
| --- | --- | --- | --- |
| | | $65,796.32 | |
| Date | Transaction | Amount | Balance |
| | **INVOICE** | | |
| 08/03/2000 | INV #0004 | | |
| 08/03/2000 | INV #0007 | 78,575.00 | 78,575.00 |
| 08/03/2000 | INV #0019 | 41,800.00 | 120,375.00 |
| 08/03/2000 | INV #0015 | 41,800.00 | 162,175.00 |
| 01/30/2001 | INV #1010 - 232 PART-3 | 7,650.00 | 169,825.00 |
| 05/31/2001 | INV #1112 | 28,830.32 | 198,455.32 |
| 07/10/2001 | INV #1192 | 15,400.00 | 213,855.32 |
| | | 48,960.00 | 262,815.32 |
| | **LESS CREDIT MEMO ISSUED** | | |
| 01/19/2001 | CREDMEM #1189 | | |
| 03/13/2001 | CREDMEM #109 | (1,800.00) | 261,015.32 |
| 07/16/2001 | CREDMEM #1194 | (31,519.00) | 229,496.32 |
| | | (3,700.00) | 225,796.32 |
| | **LESS PAYMENT RECEIVED** | | |
| 10/26/2000 | PMT | | |
| 11/21/2000 | PMT 11/21 | (20,000.00) | 205,796.32 |
| 12/01/2000 | PMT 12/01 | (10,000.00) | 195,796.32 |
| 01/05/2001 | PMT | (10,000.00) | 185,796.32 |
| 02/28/2001 | PMT | (23,000.00) | 162,796.32 |
| 04/27/2001 | PMT | (17,000.00) | 145,796.32 |
| 05/04/2001 | PMT | (30,000.00) | 115,796.32 |
| 07/02/2001 | PMT | (10,000.00) | 105,796.32 |
| 07/20/2001 | PMT | (12,000.00) | 93,796.32 |
| 07/20/2001 | PMT | (14,000.00) | 79,796.32 |
| | | (14,000.00) | 65,796.32 |

## - PAST DUE -

## PLEASE REMIT PAYMENT TO:
## EXAMGLO U.S.A. INC.
## 9630 CLAREWOOD #C6
## HOUSTON, TX 77036

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
| --- | --- | --- | --- | --- | --- |
| | | | | 65,796.32 | $65,796.32 |

EXHIBIT  A
PAGE  21 OF 21